**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| EUROCONCEPTS, INC., a California corporation; JOSEPH ELIHU; PARVIZ ELIHU; DANIEL ELIHU; ALBERT ELIHU; HAYADEH ELIHU; AMIR CONSTRUCTION INC., a California corporation,<br><br>      Plaintiffs - Appellants,<br><br>  v.<br><br>HARTFORD CASUALTY INSURANCE COMPANY, an Indiana corporation,<br><br>      Defendant - Appellee. | No. 08-56515<br><br>D.C. No. 2:05-cv-04042-CAS-PJW<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted April 5, 2010
Pasadena, California

Before: KOZINSKI, Chief Judge, D.W. NELSON, Circuit Judge, and GERTNER, District Judge.[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Nancy Gertner, United States District Judge for the District of Massachusetts, sitting by designation.

Unlike some commercial general liability policies, the Policy's definition of advertising does not include information "directed at specific market segments." *Hameid v. Nat'l Fire Ins. of Hartford*, 71 P.3d 761, 766 n.3 (Cal. 2003). And, rather than broadcast a message out to the general public, Euroconcepts, Inc. ("Euroconcepts") passively distributed the flyer at issue only to those potential customers who happened to walk into its showroom. The flyer thus cannot fall within the Policy's definition of advertising, *see id.* at 766, 769–70; *Rombe Corp. v. Allied Ins. Co.*, 27 Cal. Rptr. 3d 99, 107 (Cal. Ct. App. 2005), so Hartford Casualty Insurance Company ("Hartford") had no duty to defend the underlying action. *See Montrose Chem. Corp. v. Superior Court*, 861 P.2d 1153, 1157 (Cal. 1993); *Gray v. Zurich Ins. Co.*, 419 P.2d 168, 176 n.15 (Cal. 1966).

We further reject Euroconcepts' argument that Hartford had a duty to defend because some suppliers who installed products in the allegedly infringing residence used photographs of those products in magazines or other publications. The Policy expressly covers only Euroconcepts' own advertisements.

The underlying action alleged only that Euroconcepts palmed off copyrighted designs. Hartford therefore had no duty to defend based on the Policy's coverage of injury from the "publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products

2

or services." *See Microtec Research, Inc. v. Nationwide Mut. Ins. Co.*, 40 F.3d 968, 972 (9th Cir. 1994).

**AFFIRMED.**